UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
 :
OMAR ABUROMI, *et al.*, :
 :
                Plaintiffs, :
 : 24 Civ. 5646 (JPC)
    -v- :
 : ORDER
BANK OF BEIRUT AND THE ARAB COUNTRIES, *et al.*, :
 :
                Defendants. :
 :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    Plaintiffs, who are appearing *pro se*, bring this action asserting claims under federal law, pursuant to Section 1 of the Sherman Act and Section 4 of the Clayton Act, as well claims under state law, including claims of conversion.[1] The following individuals are listed as Plaintiffs in the action: (1) Ihab Abbas, a citizen of Lebanon; (2) Omar Aburomi, a citizen of New Jersey; (3) Sarah Y. Baddour, a citizen of New Jersey; (4) Fleta Christina Cousinsabra (also referred as "Fleta Cousin-Sabra" or "Fleta Sabra" in the Second Amended Complaint), a citizen of North Carolina; (5) Abdullatif Sabra, a citizen of North Carolina; and (6) Abdulkareem Qandeel, a citizen of Texas. They sue the following Defendants: (1) the Bank of Beirut and the Arab Countries, also known as BBAC Bank S.A.L. ("BBAC"), "a foreign banking entity with its principal place of business located in Lebanon," SAC ¶ 25; (2) Assaf Holding Company SAL ("AHC"), "a foreign company whose principal place of business is in the [c]ountry of Lebanon," *id.* ¶ 44; (3) J.P. Morgan Chase Bank, N.A. ("Chase"), "a domestic corporation/entity licensed to do business in New York, New

---

[1] Plaintiffs invoke the Court's diversity jurisdiction with respect to their claims under state law. Their Second Amended Complaint, Dkt. 6 ("SAC"), is the operative pleading for this action.

York, and [that] conducts business in New York, New York," *id.* ¶ 59; (4) Citibank, N.A. ("Citibank"), "a domestic corporation/entity licensed to do business in New York, New York, . . . [that has its] principal placed of business . . . in New York, New York," *id.* ¶¶ 61-62; and (5) Fransabank SAL ("Fransabank"), "one of the largest banks in Lebanon," *id.* ¶ 48.

By Orders dated November 25, 2024, the Court granted Plaintiffs' requests to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Dkt. 25-30. As discussed below, the Court directs service on Citibank and Chase (the "American Defendants") via the United States Marshals Service ("USMS"), and service on BBAC, AHC, and Fransabank (the "Lebanese Defendants") using one of the methods permitted by Rule 4(f)(2) or (3) of the Federal Rules of Civil Procedure.

## I. Discussion

### A.   Service on the American Defendants

Because Plaintiffs have been granted permission to proceed IFP, they are entitled to assistance from the Court and the USMS to effect service on the American Defendants, that is, the Defendants located within the United States of America.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served on defendants within the United States of America within ninety days of the date the complaint is filed, Plaintiffs are proceeding IFP and could not have effected service until the Court reviewed the Second Amended Complaint and ordered that any summonses be issued. The Court therefore extends the time to serve the American Defendants until ninety days after the date that any summonses for those Defendants issue.

To allow Plaintiff to effect service on the American Defendants through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of the American Defendants. The Clerk of Court is further instructed to issue summonses for each of those Defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of summonses and the Second Amended Complaint on each of those Defendants.

If the Second Amended Complaint is not served on the American Defendants within ninety days after the date that the summonses for those Defendants are issued, Plaintiffs should request an extension of time for service on those Defendants. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiffs must notify the Court in writing if their mailing addresses or email addresses change, and the Court may dismiss a plaintiff's claims if he/she/they fail(s) to do so.

**B.     Service on the Lebanese Defendants**

While, normally, plaintiffs granted IFP status are entitled to service of process by the USMS, *see* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), the USMS does not perform service of process on defendants located outside of the United States of America, *see Gaughn v. Barounis*, No. 24 Civ. 4119 (ER), 2024 WL 4277523, at *1 (S.D.N.Y. Sept. 24, 2024); *Friedman v. Bartell*, No. 22 Civ. 7630 (CS), 2023 WL 3818548, at *1 (S.D.N.Y June 5, 2023); *Warren v. eBay, Inc.*, No. 22 Civ. 3524 (PGG), 2022 WL 2191752, at *2 (S.D.N.Y. June 17, 2022). Thus, while Plaintiffs can rely on service of process by the USMS on the American Defendants, they cannot rely on the USMS for service of process on the Lebanese Defendants in Lebanon.

Rule 4 of the Federal Rules of Civil Procedure provides the means by which a foreign corporation, partnership, or association located outside of the United States of America may be

3

served, which normally includes service authorized by the Hague Convention. *See* Fed. R. Civ. P. 4(h)(2).[3] Lebanon does not appear to be a signatory to Hague Convection. *See United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012). Thus, Plaintiffs may either request that the Lebanese Defendants waive service under Rule 4(d), or Plaintiffs will need to have those Defendants served in some manner permitted under Rules 4(f)(2) or (3) without the assistance of the USMS.

Thus, the Court directs the Clerk of Court to issue summonses as to the Lebanese Defendants and to send those summonses directly to Plaintiffs.[4]

---

[3] Rule 4(h)(2) allows for service of process on a corporation, partnership, or association located outside of the United States of America in the following manner:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by: . . .
>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f); *see also* Fed. R. Civ. P. 4(h)(2) (incorporating by reference all service methods permissible under Rule 4(f), except those referenced in Rule 4(f)(2)(C)(i)).

[4] The ninety-day period for service included in Rule 4(m) of the Federal Rules of Civil Procedure does not apply to service on defendants outside of the United States of America under Rules 4(f) and (h)(2). *See* Fed. R. Civ. P. 4(m).

## II. Conclusion

The Court respectfully directs the Clerk of Court to mail information packages to each Plaintiff.

The Court also respectfully directs service on the American Defendants (*i.e.*, Citibank, N.A. and J.P. Morgan Chase Bank, N.A.) via the USMS. To achieve that service, the Court respectfully directs the Clerk of Court to: (1) issue summonses for Citibank, N.A., and J.P. Morgan Chase Bank, N.A.; (2) complete USM-285 forms with the service addresses for each of those two Defendants; and (3) deliver all documents necessary to effect service of a summons and the Second Amended Complaint (Dkt. 6) on each of those two Defendants to the USMS.

The Court additionally directs the Clerk of Court to issue summonses for each of the Lebanese Defendants (*i.e.*, Bank of Beirut and the Arab Countries a/k/a BBAC Bank S.A.L; Assaf Holding Company S.A.L.; and Fransabak SAL) and to send those summonses directly to Plaintiffs. Plaintiffs may request that the Lebanese Defendants waive service under Rule 4(d) of the Federal Rules of Civil Procedure, or may serve those three Defendants in some manner permitted under Rule 4(f)(2) or (3).

SO ORDERED.

Dated: February 24, 2025
        New York, New York

                                             JOHN P. CRONAN
                                           United States District Judge

**SERVICE ADDRESS FOR EACH AMERICAN DEFENDANT**

1. Citibank, N.A.
   5800 South Corporate Place
   Sioux Falls, South Dakota 57108

2. J.P. Morgan Chase Bank, N.A.
   111 Polaris Parkway
   Columbus, Ohio 43240