UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                         :

OMAR ABUROMI, *et al.*,                :

                         :

          Plaintiffs,         :

                         :

       -v-             :        24 Civ. 5646 (JPC) (GS)

                         :

BANK OF BEIRUT AND THE ARAB    :    OPINION AND ORDER
COUNTRIES, *et al.*,            :    ADOPTING REPORT AND
                         :    RECOMMENDATION

         Defendants.      :

                         :

------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

*Pro se* Plaintiffs Omar Aburomi, Ihab Abbas, Sarah Y. Baddour, Fleta Cousin-Sabra, Abdullatif Sabra, and Abdulkareem Qandeel initiated this action on July 23, 2024, by filing a Complaint against Defendants Citibank, N.A. ("Citibank"), Bank of Beirut and the Arab Countries ("BBAC"), Assaf Holding Company SAL ("Assaf"), J.P. Morgan Chase Bank, N.A. ("Chase"), and Fransabank SAL ("Fransabank"). Dkt. 1 ("Compl."). On October 11, 2024, and October 25, 2024, before any summonses were issued, Plaintiffs twice amended their Complaint. Dkts. 2, 6 ("SAC").[1] Citibank then moved to dismiss Plaintiffs' Second Amended Complaint on July 14, 2025. Dkt. 56.[2] On February 4, 2026, after Plaintiffs failed to oppose Citibank's motion, the

---

[1] The Second Amended Complaint states that Plaintiffs bring this action "by and through their undersigned attorney Fleta Cousin-Sabra." SAC at 1; *accord* Compl. at 1. Cousin-Sabra, however, has not filed a notice of appearance or a motion to appear *pro hac vice*. Although "a court is not obligated" to afford special solicitude "where the *pro se* plaintiff is a licensed attorney," *Smith v. City of New York*, No. 15 Civ. 4493 (RJS), 2016 WL 4574924, at *3 (S.D.N.Y. Sept. 1, 2016), the undersigned chooses to do so out of an abundance of caution.

[2] BBAC and Assaf have separately moved to dismiss on grounds of lack of subject matter jurisdiction, *forum non conveniens*, and improper service. Dkts. 70-74. Earlier in this action, Plaintiffs voluntarily dismissed their claims against Chase. Dkts. 43, 45. The other Defendant

Honorable Gary Stein, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned dismiss Plaintiffs' claims against Citibank. Dkt. 78 ("R&R").   For reasons that follow, the Court adopts Judge Stein's Report and Recommendation in its entirety.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation.  28 U.S.C. § 636(b)(1)(C).  If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section.  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  If no timely objections are made, a district court reviews the report and recommendation for clear error.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation advised that the parties had fourteen days to file any objections.  R&R at 27.  The Report and Recommendation further warned that failure to timely file such objections would preclude appellate review.  *Id.*  Because the Report and Recommendation was filed on February 4, 2026, the deadline to file any objections was February 18, 2026.[3]  It is now February 20, 2026, and no objections have been filed by either party.  The parties therefore have waived their rights to object to the Report and Recommendation.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

named in the Second Amended Complaint, Fransabank, has not been served according to the docket.

[3] Each of the Plaintiffs consented to receive electronic service of notices and documents in this case. *See* Dkts. 5 (Cousin-Sabra), 8 (Abbas), 16 (Aburomi), 17 (Baddour), 18 (Qandeel), 19 (Sabra).

Notwithstanding that waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds its conclusions to be well founded and entirely correct.  Plaintiffs' claim against Citibank under the Sherman Act is outside of the applicable four-year limitation period, *see* 15 U.S.C. § 15b, because it is based solely on Citibank's refusal to accept a check in July 2019, yet Plaintiffs did not commence this action until July 23, 2024.  Moreover, even if that claim were timely, Plaintiffs fail to state a claim because, *inter alia*, Citibank's mere status as a correspondent bank does not create a plausible inference that Citibank entered into an unlawful agreement to restrain trade.  *See Granite Partners, L.P. v. Bear, Stearns & Co. Inc.*, 58 F. Supp. 2d 228, 237 (S.D.N.Y. 1999) ("To allege unreasonable restraint of trade, something more than a private dispute must be alleged."); *World Wrestling Ent., Inc. v. Jakks Pac., Inc.*, 425 F. Supp. 2d 484, 519 (S.D.N.Y. 2006) ("Antitrust injury is more than just a personal injury.").

To the extent that Plaintiffs also bring a claim against Citibank for wrongful dishonor in connection with its alleged refusal to honor the check and to execute a requested funds transfer, that claim fails too.  Although Plaintiffs allege that they were customers of BBAC, Citibank's correspondent bank relationship with BBAC does not make Plaintiffs customers of Citibank.  *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 165 n.3 (2d Cir. 2013) ("A correspondent bank account is a domestic bank account held by a foreign bank.").  Citibank thus did not owe a duty to Plaintiffs.  *See Tzaras v. Evergreen Int'l Spot Trading, Inc.*, No. 01 Civ. 10726 (LAP), 2003 WL 470611, at *6 (S.D.N.Y. Feb. 25, 2003) ("The general rule is that a bank does not owe a duty to a non-customer third-party." (internal quotation marks omitted)).

In addition, although Citibank does not expressly seek dismissal of the Fifth Cause of Action, entitled "Attachment," the Court agrees with Judge Stein that Plaintiffs' attachment claim

as against Citibank should be dismissed as well.  *See* R&R at 26-27.[4]  An order of attachment is a "provisional remedy" as opposed to "a cause of action for ultimate relief."  *L & L Auto Distribs. & Suppliers Inc. v. Auto Collection, Inc.*, 889 N.Y.S.2d 883 (table), 2009 WL 1652852, at *11 (N.Y. Sup. Ct. June 12, 2009).  It "therefore can issue only on the basis of an independent claim for relief."  *Pitcairn Props., Inc. v. LJL 33rd St. Assocs., LLC*, No. 11 Civ. 7318 (JSR), 2013 WL 705861, at *2 n.1 (S.D.N.Y. Feb. 21, 2013).  The Court, however, herein concludes that no such independent claim exists against Citibank.

Finally, while Citibank seeks dismissal of the Sixth Cause of Action, titled "Special Damages," *see* Dkt. 57 at 13, it is unnecessary to reach this issue.  Plaintiffs' claim for special damages is made only against BBAC and Assaf, *see* SAC ¶¶ 289-295, in connection with Plaintiffs' claims for conversion and fraudulent conveyance against those same entities, *see id.* ¶¶ 215-267.

Plaintiffs' claims against Citibank are dismissed with prejudice.  Although leave to amend should be freely granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999), "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

---

[4] The Court may dismiss Plaintiffs' claim against Citibank in the Fifth Cause of Action notwithstanding Citibank's failure to move to dismiss that claim.  "[A] Magistrate Judge's Report and Recommendation recommending that a claim be dismissed constitutes the requisite notice and opportunity to be heard to allow a district court to dismiss a claim *sua sponte*."  *Bocci v. Nationstar Mortg. LLC*, No. 23 Civ. 1780 (JPC) (KHP), 2025 WL 2754479, at *5 (S.D.N.Y. Sept. 29, 2025) (citation modified); *accord E.A. Sween Co. v. A&M Deli Express, Inc.*, 787 F. App'x 780, 782 (2d Cir. 2019) (summary order); *Newman v. Park*, No. 24 Civ. 6829 (JPC) (JW), 2025 WL 2350259, at *1 (S.D.N.Y. Aug. 14, 2025); *Avila v. Acacia Network, Inc.*, No. 23 Civ. 7834 (PAE), 2025 WL 2233987, at *3 n.2 (S.D.N.Y. Aug. 6, 2025).

The defects in Plaintiffs' claims against Citibank are irremediable because they stem from the legal determination that Plaintiffs' alleged injury does not sound in antitrust, wrongful dishonor, or attachment.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it.").  Because any amendment would be futile, leave to amend the claims against Citibank is denied.

The Court thus adopts Judge Stein's Report and Recommendation and dismisses with prejudice Plaintiffs' claims against Citibank.  The Clerk of Court is respectfully directed to terminate Citibank as a Defendant and to close Docket Number 56.

SO ORDERED.

Dated: February 20, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge