UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OMAR ABUROMI, *et al.*,

Plaintiffs,

-v-

BANK OF BEIRUT AND THE ARAB COUNTRIES, *et al.*,

Defendants.

---

24 Civ. 5646 (JPC) (GS)

OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

JOHN P. CRONAN, United States District Judge:

*Pro se* Plaintiffs Omar Aburomi, Ihab Abbas, Sarah Y. Baddour, Fleta Christina Cousin-Sabra, Abdullatif Sabra, and Abdulkareem Qandeel bring this action against Defendants Bank of Beirut and the Arab Countries ("BBAC"), Assaf Holding Company SAL ("Assaf"), and Fransabank SAL ("Fransabank"),[1] asserting claims under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, conversion, and fraudulent conveyance under New York Debtor and Creditor Law §§ 273 and 274. Dkt. 6 ¶¶ 186-242. They seek attachment, special damages, punitive damages, and attorneys' fees and costs. *Id.* ¶¶ 243-281. Plaintiffs claim that Defendants refused to process a $2.5 million transaction that Abbas sought to complete to pay for gems he purchased from his co-Plaintiffs, that BBAC prevented Abbas from withdrawing funds from or otherwise exercising control over his BBAC account, and that BBAC has fraudulently transferred its U.S. dollar

[1] Plaintiffs also named Citibank, N.A. ("Citibank") and JPMorgan Chase Bank, N.A. ("Chase") as Defendants in this action. In May 2025, Plaintiffs voluntarily dismissed their claims against Chase. Dkt. 45. And on February 20, 2026, the Court dismissed Plaintiffs' claims against Citibank with prejudice. Dkt. 79.

holdings, including assets held for Abbas, to Assaf and other insiders. *Id.* ¶¶ 92-97, 127-183, 203-209, 226-267.

On July 8, 2025, the Honorable Gary Stein, to whom this case has been referred for general pretrial supervision and to issue recommendations on any dispositive motions, ordered Plaintiffs to show cause as to whether Defendants had been served, Dkt. 53, and on October 8, 2025, BBAC and Assaf moved to dismiss Plaintiffs' Complaint, Dkt. 70. Then, on June 25, 2026, Judge Stein issued a Report and Recommendation, recommending that the undersigned grant BBAC and Assaf's motion to dismiss without prejudice for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), and further recommending that Plaintiffs' claims against Fransabank be dismissed without prejudice based on Plaintiffs' failure to attempt to serve or failure to prosecute. Dkt. 80 ("R&R").

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no timely objections are made, a district court reviews the report and recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation advised that the parties had fourteen days, inclusive of weekends and holidays, from service of the Report and Recommendation to file any objections, and warned that failure to file timely objections would preclude appellate review. R&R at 31-32. The Report and Recommendation was issued on June 25, 2026, on which date it was electronically served on the parties. No party has objected to the Report and Recommendation by the deadline

to do so. The parties therefore have waived the right to object to the Report and Recommendation. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding that waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds its conclusions well founded. As a threshold matter, the Court agrees with Judge Stein that subject matter jurisdiction exists over this action. Although the Complaint invokes only diversity of citizenship, Plaintiffs pleaded a claim under Section 1 of the Sherman Antitrust Act, which suffices to confer federal-question jurisdiction under 28 U.S.C. § 1331. R&R at 11-14; *see Andrus v. Charlestone Stone Prods. Co.*, 436 U.S. 604, 607 n.6 (1978) (explaining that it does not "matter that the complaint does not in so many words assert § 1331(a) as a basis of jurisdiction" where "the facts alleged in it are sufficient to establish such jurisdiction").

Additionally, the Court agrees with Judge Stein that Plaintiffs have failed to carry their burden of establishing that service of process on BBAC and Assaf was sufficient. R&R at 14-19. A foreign corporate entity may be served outside the United States "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under [Rule 4](f)(2)(C)(i)," Fed. R. Civ. P. 4(h)(2), but as Judge Stein explained, none of Rule 4(f)'s avenues was satisfied here: Lebanon is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, so service under Rule 4(f)(1) was unavailable; Plaintiffs have not shown that their purported delivery of the summons to a BBAC branch manager in Tripoli Mina, Lebanon, complied with Lebanese law for purposes of Rule 4(f)(2)(A); Plaintiffs do not contend that they submitted a letters rogatory or letters of request under Rule 4(f)(2)(B); Plaintiffs have not shown any attempted service by mail complied with Rule 4(f)(2)(C)(ii)'s requirement that the Clerk of Court address and send the summons using a form of mail requiring a signed receipt; and Plaintiffs neither sought nor obtained the requisite

prior court approval for alternative service under Rule 4(f)(3). R&R at 15-19. Nor can Defendants' actual notice of this action cure these service deficiencies. *Id.* at 14-15; *see Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order).

The Court further agrees with Judge Stein that, in light of Plaintiffs' failure to serve, dismissal is appropriate. R&R at 19-27. Plaintiffs' Sherman Act claim—the sole basis for this Court's federal-question jurisdiction—appears to already have been time-barred by the applicable four-year statute of limitations, 15 U.S.C. § 15b, when this action was filed in July 2024, because that claim accrued no later than when BBAC allegedly restricted Abbas's access to his funds in August 2019. *Id.* at 22-25; *see Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 338 (1971). And because Plaintiffs' sole federal-law claim would be subject to dismissal at the pleading stage, the Court also agrees with Judge Stein that it likely would be appropriate to decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. R&R at 25-26; *see* 28 U.S.C. § 1367(c)(3). Since permitting Plaintiffs another opportunity to serve would thus likely be fruitless, dismissal without prejudice under Rule 12(b)(5) is appropriate. *See In re S. Afr. Apartheid Litig.*, 643 F. Supp. 2d 423, 431-32 (S.D.N.Y. 2009) ("Absent perfected service, a court lacks jurisdiction to dismiss an action with prejudice; therefore dismissal pursuant to Rule 12(b)(5) must be without prejudice.").[2]

Finally, the Court agrees with Judge Stein that Plaintiffs' claims against Fransabank also should be dismissed without prejudice. More than a year after summonses were issued, Plaintiffs have demonstrated no attempt at service on Fransabank—in Lebanon or elsewhere—despite two

[2] In light of this conclusion, the Court agrees with Judge Stein that it need not reach BBAC and Assaf's remaining arguments that this action should be dismissed for lack of personal jurisdiction or on *forum non conveniens* grounds. R&R at 27 n.12; *see* Dkt. 71 (moving brief) at 8-20.

Court orders directing them to show cause on the issue, with each warning that noncompliance would result in a recommendation of dismissal. R&R at 27-28; *see* Dkt. 50 (June 20, 2025 Order) at 2; Dkt. 53 (July 8, 2025 Order) at 2. As such, dismissal is warranted under Federal Rule of Civil Procedure 4(m), since Rule 4(m)'s exception for service in a foreign country "does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign country." *USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 134 (2d Cir. 2005). Additionally, this Court agrees with Judge Stein that dismissal of Plaintiffs' claims against Fransabank alternatively is warranted under Federal Rule of Civil Procedure 41(b) for failure to prosecute given the duration of Plaintiffs' noncompliance with orders directing service to be made, the express warnings that Plaintiffs received, the Court's interest in managing its docket, and the absence of any indication that a lesser sanction would prompt Plaintiffs to pursue their claims with appropriate diligence. R&R at 29-31; *see Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

For the foregoing reasons, the Court adopts Judge Stein's Report and Recommendation in its entirety and dismisses Plaintiffs' claims against Defendants Bank of Beirut and the Arab Countries, Assaf Holding Company SAL, and Fransabank SAL without prejudice. The Clerk of Court is respectfully directed to enter judgment in favor of Defendants and to close this case.

SO ORDERED.

Dated: July 10, 2026
New York, New York

JOHN P. CRONAN
United States District Judge